Per Curiam.

Motion by counsel to this court to confirm the Referee’s report which sustained all 154 charges against respondent.
In this judicial proceeding, pursuant to section 22 of article VI of the Constitution of the State of New York, the Referee has sustained by his report dated November 15, 1979 all 154 charges against respondent. The charges may be divided into three groups. The first and by far the largest in number (1-148 and 154) involve incidents where respondent negotiated reductions or bail forfeitures in various vehicle and traffic matters pending before other Justices outside his jurisdiction. The second group (149-152) relate to certain motor vehicle violations brought before respondent against his nephew. Finally, charge 153 involves a charge of leaving the scene of an accident brought against one Lioukras. The latter caused *1073 damage to property owned by Lombardi Dairy, Inc., a family corporation in which respondent was and is an officer.
Considering the record in its entirety, we are of the view, that there is ample proof to support each of the charges sustained by the Referee. The motion, therefore, to confirm is granted.
We now pass to the question of appropriate sanction to be imposed, i.e., censure, suspension or removal (NY Const, art VI, § 22, subd a).
All of the charges constitute injudicious and improper conduct which clearly violate the Code of Judicial Conduct (Canons 1, 2, 3, subd A). The more serious charges are, in our opinion, charges 149-152 and 153. Manifestly, respondent should not have presided over cases in which his nephew was a defendant and a case where members of his family had a financial interest in the outcome of the litigation. Such participation violates the basic rule that a Judge’s conduct should be free from even the appearance of impropriety. Considering all of the circumstances, including those in mitigation mentioned by the Referee and that this proceeding does not involve the element of deceitful practice which was present in Matter of La Carrubba (49 NY2d [p], decided herewith) or improper practices such as were found in Matter of Altman (49 NY2d [i]) and Matter of Gaiman (49 NY2d [m], also decided herewith), it is the judgment of this court that respondent should be suspended, without pay, for a period of six months commencing from the date of the order to be entered on this determination.
Presiding Officer Birns and Judges Cohalan, Jr., Damiani, Main and Sweeney concur.
Dated: March 18, 1980
Harold Birns (Signed) Harold Birns
Presiding Officer, Court on the Judiciary
Hyman W. Gamso (Signed) Clerk of the Court on the Judiciary